JOSHUA T. RANDALL *versus* ROBERT G. BOWDEN *& al.*

Where a debtor, to be released from arrest on execution, had given a bond which did not conform to the requirements of the statute, but was valid as a common law bond, a forfeiture of it will be saved, if he takes the oath named therein, notwithstanding, before the expiration of six months, and before the taking of the oath, a new statute is in force by which the poor debtor's oath to be taken is materially changed.

It is an essential non-compliance with the requirements of the statute, where a poor debtor gives a bond to be released from arrest on execution, if the approval of the surety, in the manner the statute provides, is wanting.

ON STATEMENT OF FACTS.

This was an action of DEBT on a poor debtor's bond, given by Robert G. Bowden, on Dec. 9th, 1857, to be released from his arrest on execution. One of the alternative conditions of the bond is that he will take the oath prescribed in § 28th, c. 148 of the R. S.

From the statement of the case, it appears that, on the 13th day of May, 1858, a citation was duly served upon said Randall, issued by a magistrate, upon the application of said Robert G. Bowden.

On the 4th day of June, 1858, in pursuance of said application and citation, two disinterested justices of the peace and quorum of said county were selected, one by the debtor, the other by the creditor, and the said justices disagreed as

to the sufficiency of said application and citation. A third disinterested justice of the peace and quorum of said county was then legally selected, and the said three justices acted in said case till its final decision. Two of the three said justices adjudged the application and citation sufficient, and, upon hearing the disclosure of the debtor, all of them adjudged said debtor entitled to take the oath prescribed in the 28th section of the 148th chapter of the Revised Statutes, passed in the year 1840, and they thereupon administered to him said oath. The surety on the bond was not approved *in writing*, either by the creditor or by two justices of the peace and quorum, but the bond was accepted by the creditor.

In his application, the debtor claims to be allowed "the oath prescribed in the 28th section of chapter 148, of the old Revised Statutes, and also in the 28th section of the 113th chapter of the present Revised Statutes of this State."

The R. S. of 1857 took effect after the bond was given and before the citation was issued. The defects, which are relied upon as rendering the obligation invalid as a statute bond, appear from the arguments of counsel and the opinion of the Court.

*Goodwin & Fales*, for the plaintiff, argued —

1. That the justices had no authority to act, for it does not appear, either from the debtor's application or the citation issued by the magistrate, that the debtor was arrested *in the county*, wherein the magistrate was authorized to act. R. S., c. 113, § 23. His authority and the jurisdiction of the justices cannot be sustained by *presumption*. They must appear from the papers in the case.

2. The oath to be taken is that prescribed by the law in force at the time the oath is to be administered; which was that provided by c. 113, of R. S. of 1857. *Morse* v. *Rice*, 21 Maine, 53; *Burbank* v. *Berry*, 22 Maine, 483; *Barnard* v. *Bryant*, 21 Maine, 206; *Little* v. *Hasey*, 12 Mass., 319.

The taking of a different oath is not a performance of the bond.

*Chisholm & Mason*, for the defendants.

The bond does not conform to the requirements of the statute, and therefore a *literal performance* of its condition is sufficient.

1. The penal sum is $90,80, which is not " double the sum" for which the debtor was arrested. The amount of debt and costs is $43,90; costs on execution, $1,50; interest from the rendition of judgment, 45 cents, total 45,85. Double the sum for which he was arrested is $91,70, and the case discloses nothing that shows this departure was " by reason of accident, mistake or misapprehension," and so is not within § 43, c. 148 of R. S. of 1840. *Clark* v. *Metcalf*, 38 Maine, 122; *Flowers* v. *Flowers*, 45 Maine, 459.

2. For another reason, the statute is not complied with. It was not " approved in writing" by the creditor, or by two justices of the peace and quorum. He was not bound to take it. If he took it voluntarily, it is his own contract, and not one made for him by the statute.

*Goodwin & Fales*, replied.

The difference between the penal sum named in the bond, and that which the defendants' counsel contend should have been the penalty, is 90 cents. The interest to the time of the arrest amounts to 45 cents; double that sum, is just the amount of the difference.

It is apparent, therefore, from the case, that the interest was omitted by accident or mistake, and not by the design of the officer, who was acting under oath, and would render himself liable in discharging the debtor upon an insufficient bond.

It may well be presumed that the officer intended to take the bond the statute provided, and if he failed to take such bond it was accidental. The debtor himself supposed he was giving such a bond. He speaks of it, in his application as " the bond required by law and referred to in the 20th § of c. 148, of the R. S."

The cases cited by the defendants' counsel were examined

and commented upon; and it was contended that the case at bar was distinguishable from them.

No authority is cited to sustain the defendant's position, that the bond is valid only as a common law bond, because it was not "approved in writing." The approval, the law provides for, relates to the sufficiency of the sureties.

The case finds that "the creditor accepted the bond;" and he has brought a suit upon it; either of these facts is equivalent to the approval named in the statute. *Bartlett* v. *Willis,* 3 Mass., 86; *Kimble* v. *Preble,* 5 Maine, 553; *Coffin* v. *Herrick,* 10 Maine, 121.

The approval is no part of the bond. No time is specified, within which it shall be approved.

The opinion of the Court was drawn up by

GOODENOW, J.—This is an action upon a poor debtor's bond, dated Dec 9, 1857, signed by Robert G. Bowden, as principal, and Absalem Bowden as surety. There is no approval of the surety "in writing by the creditor, or by two justices of the peace and of the quorum of the county." It is, therefore, not a statute bond. The acceptance of it by the plaintiff, and bringing a suit upon it does not make it a statute bond. He was under no obligation to take it. One of the conditions of the bond is, that the said Robert G. Bowden should, in six months from the time of executing said bond, cite Joshua T. Randall the creditor, before two justices of the peace *and of the quorum,* and submit himself for examination, agreeably to the 148th chapter of the Revised Statutes, and take the oath prescribed in the *twenty-eighth* section of said chapter.

The question is, has he done this?

Application was made by said Robert G. Bowden to Luther T. Mason, Esq., a justice of the peace within and for the county of York, on the 12th day of May, 1858, in writing, claiming to have the privilege and benefit of the oath authorized by the 28th section of chapter 148, and requesting said justice to cite said creditor to appear before two justices of

the peace and of the quorum, at the office of Luther T. Mason, in Biddeford, in said county of York, on the 4th day of June, A. D. 1858, at ten of the clock in the forenoon, &c.

On the same day, said justice issued his citation under his hand and seal to the said Randall, to appear before two justices of the peace and quorum, at the time and place, and for the purpose mentioned in said application. On the 13th of May, 1858, C. P. Hunton, a deputy sheriff, returned on said citation and application that "by virtue of the within I have this day notified the within named Joshua T. Randall, to appear at the time and place and for the purpose within named, by reading to him aloud in his presence and hearing the within application and citation." On the 7th of June, 1858, the following certificate appears to have been made by the magistrates:—" York, ss., June 7th, 1858. Having examined the above return, and duly cautioned the said Robert G. Bowden, we have administered to him the oath or affirmation allowed in the statute of October 22, 1840, § 28, c. 148, above referred to; and made out a certificate thereof in the form therein prescribed.       "Jacob K. Cole,      } *Justices of Peace*
        "Samuel W. Luques,  } *and quorum.*

"Alex'r F. Chisholm, selected by A. Haley, Deputy Sheriff of said county, because said Cole and Luques were disagreed on points for adjudication, and on selection of a third justice."

It does not appear from the papers that the justices, who administered the oath and granted the certificate, had any jurisdiction; or that the justice, who issued the citation, was not a justice of the peace in the county where the debtor was arrested. I think it may well be presumed that he was. Where nothing appears to the contrary, it is to be presumed that men do their duty, rather than that they violate the laws; and especially officers under oath; and to save forfeiture or avoid a penalty.

The main point relied upon by the plaintiff is, "that the debtor did not take the oath." The case shows that he did take the oath "nominated in the bond." As to the other

oath prescribed by the statute of 1857, he may well say, " *non in haec foedera veni*," when sued upon this bond.

Upon the whole, without going into a minute comment upon all the positions taken and authorities cited, I am of opinion that a nonsuit must be entered and judgment entered for costs for defendants. · *Plaintiff nonsuit.*

TENNEY, C. J., and APPLETON, CUTTING, and KENT, JJ., concurred. DAVIS, J., concurred in the result.